CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MICHAEL G. LAGRAMA (CABN 252734)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-436-7241
    FAX: (415) 436-7234
    Michael.Lagrama@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 4:23-cr-00496-AMO |
|     Plaintiff, ) | UNITED STATES' SENTENCING MEMORANDUM |
|     v. ) | |
| JOSE PONCE, ) | |
|     Defendant. ) | |

## I. INTRODUCTION

Defendant Jose Ponce was indicted on two counts of Distribution of Methamphetamine (Counts One and Four) in violation 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count of Distribution of 50 Grams or More of a Mixture or Substance Containing Methamphetamine (Count Two) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

Ponce pleaded guilty to Count Two (Distribution of 50 Grams or More of a Mixture or Substance Containing Methamphetamine) in the Indictment. Under the advisory Sentencing Guidelines, Ponce is subject to a sentence of between 121 and 151 months. The United States recommends that Ponce be sentenced to 85 months, which is approximately a 29% downward variance from the low-end of this Guidelines sentencing range. This sentence is sufficient but not greater than necessary to achieve the

sentencing objectives in 18 U.S.C. § 3553(a) because Ponce not only sold pound-quantities of methamphetamine on three occasions, but he also sold an assault rifle style firearm. Such criminal conduct endangered peoples' lives and posed a risk to public safety. An 85-month sentence is also not a severe penalty given Ponce's final base offense level and criminal history category. Specifically, an 85-month sentence is 12 months less than the average sentence of 97 months and 23 months less than the median sentence of 108 months imposed on defendants with the same final base offense level and criminal history category as Ponce.

Therefore, in accordance with the sentencing objectives in section 3553(a), Ponce should be sentenced to 85 months followed by 4 years on supervised release.[1]

## II. BACKGROUND

### A. Circumstances of Offense

Ponce sold pound-quantities of methamphetamine on three separate occasions. First, on February 16, 2023, Ponce sold approximately one pound (or 549 grams) of crystal methamphetamine. Ponce negotiated the drug sale over the telephone, and his coconspirator Jorge Huerta delivered the methamphetamine to the buyer in exchange for $1,200 in cash.

Second, on March 21, 2023, Ponce sold approximately one pound (or 501 grams) of crystal methamphetamine. Ponce personally delivered the methamphetamine to the buyer in exchange for $960 in cash. On the same day, Ponce also sold the buyer an assault rifle style firearm for $1,600 in cash.

Third, on May 8, 2023, Ponce sold approximately one pound (or 485 grams) of crystal methamphetamine. Ponce negotiated the drug sale, and his coconspirator Jorge Huerta delivered the methamphetamine to the buyer in exchange for $1,000 in cash.

### B. Procedural History

On December 19, 2023, Ponce was indicted on two counts of Distribution of Methamphetamine (Counts One and Four) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count of Distribution of 50 Grams or More of a Mixture or Substance Containing Methamphetamine (Count Two) in violation

---

[1] The factual assertions in this brief are based on the confidential Presentence Investigation Report, the plea agreement, and the incident reports in this case.

of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).  On April 21, 2025, Ponce pleaded guilty to Count Two, Distribution of 50 Grams or More of a Mixture or Substance Containing Methamphetamine.

**C.  Sentencing Guidelines Calculation**

In accordance with the parties' plea agreement, U.S. Probation has issued the following advisory Guidelines calculation:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. §2D1.1(a)(5), (c)(3) | | 34 |
| b. | Acceptance of Responsibility, U.S.S.G. §§ 3E1.1(a), (b) | | -3 |
| c. | Final adjusted offense level | | 31 |

U.S. Probation also determined that Ponce has three criminal history points (Criminal History Category II) and is subject to a Guidelines sentencing range of 121 to 151 months.  Probation recommends that Ponce be sentenced to 72 months, but the United States recommends 85 months, followed by 4 years on supervised release.

**III.   DISCUSSION**

**A.  Legal Standards**

The Court should impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide Ponce with needed educational or vocational training, medical care, or other correctional treatment.  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also* 18 U.S.C. § 3553(a).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the advisory Guidelines.  *Id*.

After determining the appropriate advisory Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness considering the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991-93.  Under Section 3553(a), in arriving at the appropriate sentence for Ponce, the Court should consider these factors applicable to this case, among others:

(1)   The nature and circumstances of the offenses and the history and characteristics of the defendant;

(2)   The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.   Sentencing Recommendation by the United States**

The United States recommends that the Court impose on Ponce a sentence of 85 months followed by 4 years on supervised release.

### 1. Nature and circumstances of Ponce's offense and his history and characteristics

A sentence of 85 months is appropriate given the nature and circumstances of Ponce's offense, and his specific history and characteristics.  Ponce was not merely a street-level drug dealer who sold small quantities of drugs.  Rather, Ponce sold significant quantities of crystal methamphetamine on three occasions: (1) 549 grams for $1,200 on February 16, 2023; 501 grams for $960 on March 21, 2023; and 485 grams for $1,000 on May 8, 2023.  Thus, in total, Ponce sold approximately 1,535 grams of crystal methamphetamine, a significant quantity of drugs.  In so doing, Ponce endangered people's lives and detrimentally impacted the users of those drugs, their families, and the wider community.  Moreover, Ponce's sale of an assault-style rifle is particularly concerning because such a weapon could have easily been used to inflict violence or cause death.  This was also not Ponce's first brush with the law.  He was previously convicted of domestic battery and two DUIs.  Thus, the serious nature of Ponce's offense and prior criminal convictions are aggravating factors.

However, Ponce has factors in mitigation.  He has taken full responsibility and expressed remorse for his actions. Ponce also grew up in poverty in Mexico, started working in the fields at age 10, and traveled to the United States alone at age 14.  He had limited educational opportunities and only has a 9th grade education.  Despite his difficult upbringing and limited education, Ponce has also been gainfully employed in the community.  He has worked in construction and asbestos removal.  He has done sewage, plumbing, and drainage work.  Ponce has worked hard in these difficult jobs to support his wife and two minor children.  Further, although Ponce missed several mental health therapy sessions, he

has otherwise complied with his pretrial release conditions, including attending all court hearings in this case.

Accordingly, based on the nature and circumstances of Ponce's offense, and his specific history and characteristics, a sentence of 85 months, which is approximately a 29% downward variance from the low-end of a Guidelines sentence (121 to 151 months) is appropriate.

### 2. Need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

An 85-month sentence also reflects the seriousness of Ponce's drug offense and promotes respect for the law, which sets forth stringent punishment for the distribution of controlled substances. Further, an 85-month sentence constitutes just punishment because it ensures that Ponce is held accountable for selling pound-quantities of crystal methamphetamine.

### 3. Need for the sentence to afford adequate deterrence to criminal conduct

Imposing at 85-month custodial sentence on Ponce also promotes general deterrence because it sends a strong message to would-be drug dealers that they will face a significant prison sentence if they sell drugs, and that the length of the sentence will increase based on the quantity of drugs involved. It will also serve as a specific deterrence to Ponce, who has properly concluded that selling drugs for money is not worth the consequences.

### 4. The need for the sentence imposed to protect the public from further crimes by Ponce

An 85-month custodial sentence is, moreover, warranted to protect the public from further crimes by Ponce because the sentence will ensure that, for a significant period, he is not in the community selling large quantities of drugs.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

Further, an 85-month sentence is consistent with the punishment imposed for similarly situated defendants. As U.S. Probation noted, during the last five fiscal years, there were 291 defendants, whose primary guideline was §2D1.1 and Methamphetamine (actual) was the primary drug type, with a Final Offense Level of 31 and a Criminal History Category of II—after excluding defendants who received a §5K1.1 substantial assistance departure. For the 290 defendants (100%) who received a sentence of

imprisonment in whole or in part, the average length of imprisonment imposed was 97 months and the median length of imprisonment imposed was 108 months.

Therefore, the United States' recommended sentence of 85 months is 12 months (a year) lower than the average sentence of 97 months and 23 months (almost two years) lower than the median sentence of 108 months imposed on similarly situated defendants.  Therefore, the 85-month recommended sentence would avoid unwarranted sentencing disparities.

## CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence Ponce to 85 months followed by 4 years on supervised release.

DATED: August 27, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ Michael G. Lagrama
MICHAEL G. LAGRAMA
Assistant United States Attorney